**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **JAQUAY JACKSON and DANA RICE**, individually and on behalf of all other similarly situated persons,<br><br>                      **Plaintiffs,**<br><br>     v.<br><br>**MISSISSIPPI BEHAVIORAL HEALTH SERVICES, LLC,**<br><br>                      **Defendant.** | **COLLECTIVE ACTION COMPLAINT**<br><br>Case No.  3:22-cv-697-CWR-LGI<br><br><u>**JURY DEMANDED**</u> |

Named Plaintiffs Jaquay Jackson and Dana Rice, individually and on behalf of all other similarly situated current and former employees of Defendant Mississippi Behavioral Health Services LLC, bring this Fair Labor Standards Act Collective Action and allege as follows:

**OVERVIEW**

1.    Named Plaintiffs Jackson and Rice bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation at the rate of time and one-half the regular rate for all hours worked over 40 in a workweek. They bring this claim as a collective action on behalf of themselves and others employed by Defendant Mississippi Behavioral Health Services, LLC ("MBHS"), who were paid based on "billable hours," worked for MBHS within the three (3) years preceding the filing of a consent to sue, worked more than 40 hours in a workweek, and did not receive compensation at the rate of time and one-half for all hours worked over 40 in a workweek. Positions within the class include Mental Health Therapists and Community Support Specialists.

2. The term "FLSA Class Members" or Plaintiffs as used in this complaint refers to the Named Plaintiffs, any opt-ins, and any additional represented parties pursuant to the collective action provision of 29 U.S.C. §216(b) as described below, individually, collectively, or in any combination.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over MBHS who resides and conducts ongoing business in this District.

4. The Named Plaintiffs reside in this District.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this collective action is brought under 29 U.S.C. § 216(b) of the FLSA.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1337 because the claims arise under federal laws regulating commerce.

7. Plaintiffs and the FLSA Class Members were engaged in commerce in their work for MBHS.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the cause of action arose in this District and MBHS resides in this District.

## PARTIES

**Plaintiffs**

9. Jackson's written consent to be a party to this action is attached as Exhibit A.

10. Jackson resides in Laurel, Mississippi.

11. Jackson worked for MBHS as a Mental Health Therapist from approximately July 2019 through October 2019, and March 2020 through June 2022.

12. Jackson worked for MBHS throughout Mississippi, including in Jones County, Jasper County, and Smith County.

13. Rice's written consent to be a party to this action is attached as Exhibit B.

14. Rice resides in Taylorsville, Mississippi.

15. Rice worked for MBHS as a Community Support Specialist from approximately June 2021 through June 2022.

16. Rice worked for MBHS throughout Mississippi, including in Jones County and Smith County.

**Defendant**

17. MBHS is a for-profit entity that provides mental health services and community support in Mississippi.

18. According to the Mississippi Secretary of State, MBHS is a Mississippi corporation with a principal office at 860 East River Place, Suite 100, Jackson, Mississippi 39202.

19. According to its website, MBHS has "regional offices throughout the state," including in Jackson, MS (Hinds County); Meridian, MS (Lauderdale County); Vicksburg, MS (Warren County).

20. According to its website, MBHS recruits for its locations across Mississippi, including offices in these counties: Forest, MS (Scott County); Jackson, MS (Hinds County); Magee, MS (Simpson County); Meridian, MS (Lauderdale County); Taylorsville, MS (Smith County); Vicksburg, MS (Warren County).

21. Named Plaintiffs bring FLSA claims against MBHS for Mental Health Therapists and Community Support Specialists and other similarly situated staff who worked in Mississippi.

22. MBHS maintains an address at 816 Benton Rd. in Bossier City, Louisiana 71111.

23. MBHS maintains an address at 1000 Chinaberry Dr. in Bossier City Louisiana 71111.

24. MBHS's payroll and billing offices are located in Louisiana.

25. MBHS's officers and directors are located in Louisiana.

## FLSA COVERAGE

26. At all times hereinafter mentioned, MBHS is and has been an employer within the meaning of 29 U.S.C. § 203(d).

27. At all times hereinafter mentioned, MBHS is and has been an enterprise within the meaning of 29 U.S.C. § 203(r).

28. At all times hereinafter mentioned, MBHS has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

29. Upon information and belief, MBHS grossed more than $500,000 in each of the last six calendar years.

30. At all times hereinafter mentioned, Plaintiffs were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

31. MBHS is a Mississippi-based company that provides mental health services, including outpatient therapy, community support services, psychiatric/physician services, crisis

        intervention services, psychosocial rehabilitation, peer support services, case management, referral services, day treatment, and evaluation screening.

32. According to its website, MBHS currently has 15 office locations across Mississippi.

33. Plaintiffs Jackson and Rice were employed by MBHS.

34. Plaintiff Jackson worked for MBHS as a Mental Health Therapist at the Laurel, MS office, although she traveled across Mississippi to meet with her assigned clients.

35. Plaintiff Rice worked for MBHS as a Community Support Specialist at the Laurel, MS office, although she traveled across Mississippi to meet with her assigned clients.

36. According to its website, MBHS recruits and employs Plaintiffs, including Mental Health Therapists and Community Support Specialists, who work in the community and in clients' homes and other locations across Mississippi.

37. MBHS establishes the employee policies and practices applicable to Plaintiffs, including Mental Health Therapists and Community Support Specialists.

38. Upon information and belief, MBHS provides ongoing training for Mental Health Therapists and Community Support Specialists and similarly situated nonexempt staff.

39. Upon information and belief, MBHS develops and implements compensation programs and structures for Mental Health Therapists and Community Support Specialists and similarly situated nonexempt staff.

40. Upon information and belief, according to MBHS's policy and practice, Plaintiffs, including Mental Health Therapists and Community Support Specialists, were required to enter only their "billable hours" for payment for their meetings with clients.

41. MBHS only paid Plaintiffs for and Plaintiffs were permitted to only "bill" for the time Plaintiffs spent with the clients, and for no other time worked, such as travel time, time completing paperwork, and other work.

42. For example, if an hour-long meeting with a client was completed before one hour's time, Plaintiff Jackson had to stay with the client for the entire hour before she could report it as a "billable hour" for compensation.

43. If a meeting with a client was completed before an hour or hour and a half, Plaintiff Rice had to stay with the client until the scheduled time was over before she could report it as a "billable hour" or "billable one and a half hour" for compensation.

44. Upon information and belief, if Plaintiffs did not meet certain "billable hours" criteria for meetings with clients, MBHS adjusted downward the pay of Mental Health Therapists and Community Support Specialists, including that of Jackson and Rice.

45. The number of "billable hours" paid did not accurately reflect the total hours Plaintiffs worked in a workweek.

46. Plaintiffs, including Mental Health Therapists and Community Support Specialists, regularly worked more than 40 hours a week.

47. MBHS otherwise did not accurately track all of the hours Plaintiffs worked.

48. Jackson worked approximately 60 to 70 hours per week.

49. During the workweek, Jackson met with approximately 35 clients per week, regularly worked through her lunch, drove approximately 15 minutes to 60 minutes between each client's home or meeting place, and spent up to 6 hours per night filling out required paperwork.

50. All of this resulted in Jackson working more than 40 hours in a workweek.

51. Rice worked approximately 60 to 70 hours per week.

52. During the workweek, Rice was scheduled to meet with clients for up to 36 "billable hours" per week, drove up to 45 minutes between each client's home or meeting place, and spent approximately up to 4 hours per night filling out required paperwork.

53. All of this resulted in Rice working more than 40 hours in a workweek.

54. MBHS paid Jackson, and other Mental Health Therapists an hourly rate, between $19.00 and $19.95 for each "billable hour" that she worked with her clients.

55. During the pay period of March 18, 2022 to March 31, 2022, for example, MBHS paid Jackson $ 19 per hour for billing 72.5 hours for a total of $1,377.50. During the pay period of April 15, 2022 through April 28, 2022, MBHS paid Jackson $ 19.95 per hour for billing 76 hours for $1,516.20.

56. MBHS did not pay Rice and other Community Support Specialists on a salary or fee basis at a rate more than $684 per week.

57. MBHS paid Rice, and other Community Support Specialists, an hourly rate of $14.00 per hour for each "billable hour" that she worked with her assigned clients.

58. During the pay period from May 13, 2022, to May 26, 2022, MBHS paid Rice $14 per hour or a total of $812 for 58 "billable hours."

59. MBHS issued Plaintiffs' paychecks from its 816 Benton Rd. address in Louisiana.

60. MBHS instructed its employees, including Mental Health Therapists and Community Support Specialists, to contact their corporate offices located in Louisiana regarding any issues related to pay.

61. Plaintiffs' time sheets were provided to MBHS's payroll offices in Louisiana for completion of payroll.

62. The workweek began on Friday and ended on the following Thursday.

63. MBHS paid Plaintiffs on a biweekly basis.

64. MBHS paid Plaintiffs an hourly rate.

65. MBHS paid Plaintiffs only for their "billable hours".

66. MBHS did not pay Plaintiffs a fixed salary.

67. MBHS did not pay Plaintiffs on a fee basis.

68. MBHS did not pay Plaintiff Rice at least $684 per week.

69. MBHS paid Plaintiffs, including Rice and Jackson, a stipend for their travel based on the number of "billable hours," and not based on the actual travel time or the actual miles driven.

70. MBHS taxed the travel stipend that it paid Plaintiffs.

71. MBHS paid Plaintiffs, including Rice and Jackson, a phone stipend based on the hours they billed for sessions conducted via telehealth.

72. MBHS taxed the phone stipend that it paid Plaintiffs.

73. MBHS failed to pay Plaintiffs, including Mental Health Therapists and Community Support Specialists, for all of the hours they worked over 40 hours in a workweek at the rate of time and one-half their regular rate.

74. Upon information and belief, MBHS subjected other current and former Mental Health Therapists and Community Support Specialists and other similarly situated Plaintiffs to the same payroll practices described above.

75. MBHS willfully violated the FLSA because it knew or showed reckless disregard for its failure to pay overtime wages to Plaintiffs.

76. MBHS knew that it was required to comply with the overtime pay provisions of FLSA.

77. MBHS's overtime policy in its employee handbook stated that the "federal Wage and Hour Law determine policies."

78. Based on MBHS's overtime policy in its employee handbook, it knew or should have known that, in order to deny the Named Plaintiffs and the FLSA Class Members overtime wages, that an employee's specific job duties and pay must meet all the requirements of FLSA and the U.S. Department of Labor regulations.

79. Upon information and belief, including based on its policy in the employee handbook, MBHS knew of its obligations to pay overtime wages under the FLSA to the Named Plaintiffs and the FLSA Class Members.

80. Upon information and belief, because MBHS set the pay structure, it knew that it paid Plaintiffs for "billable hours," or an hourly rate.

81. Because MBHS paid Plaintiffs per hour, it knew or should have known that it did not pay Plaintiffs a salary.

82. Because MBHS paid Plaintiffs per hour, it knew or should have known that it did not pay Plaintiffs on a fee basis.

83. MBHS knew or should have known that it did not pay the Named Plaintiff Rice and other FLSA Class Members, including Community Support Specialists, at least $684 a week.

84. Because MBHS knew or should have known that paying on an hourly rate for each billable hour requires the payment of time and one-half the regular rate for all hours worked over 40 in a workweek as required by the FLSA.

85. Upon information and belief, MBHS knew that it did not pay Plaintiffs, including Mental Health Therapists and Community Support Specialists, at the rate of time and one-half the regular rate for all hours worked over 40 in a workweek.

86. MBHS knew or should have known that it did not accurately track all of the hours Plaintiffs worked.

87. Upon information and belief, MBHS knew or should have known that it must pay Mental Health Therapists and Community Support Specialists and other similarly situated nonexempt employees time and one-half the regular rate for all hours worked over 40 in a workweek.

88. As a result of this knowledge and disregard of their obligations under the FLSA, MBHS willfully violated the FLSA.

## COLLECTIVE ACTION DEFINITION

89. The Named Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b), comprised of the following FLSA Class Members:

> All current or former workers employed by Mississippi Behavioral Health Services, LLC, within the last three years, were paid based on "billable hours" worked, worked more than 40 hours in a workweek, and did not receive compensation at the rate of time and one-half for all hours worked over 40 in a workweek. Positions within the class include Mental Health Therapists and Community Support Specialists.

90. The Named Plaintiffs and the FLSA Class Members work or have worked for MBHS and have been subjected to MBHS's policy and pattern or practice of failing to pay time and one-half the regular rate for all hours worked in excess of 40 hours per week.

91. The Named Plaintiffs' claims for overtime pay are similar to the claims of other FLSA Class Members and their claims depend on similar factual and legal questions including, but not limited to, whether Community Support Specialists and Mental Health Therapists and other non-exempt employees worked more than 40 hours in a workweek; whether MBHS classified the FLSA Class Members as exempt under the FLSA; whether MBHS knew or should have known that Plaintiffs worked overtime hours; whether MBHS failed

and/or refused to pay the FLSA Class Members time and one-half their regular rate for all hours worked over 40 in a work week; and whether MBHS' violations were willful.

92. There are numerous similarly situated employees who have been underpaid and injured in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join it. Those similarly situated employees are known to MBHS, are readily identifiable, and can be located through MBHS's records. Notice should be sent to the FLSA Class pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)

93. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

94. MBHS failed to pay all overtime wages at the rate of time and one-half the regular rate to the Named Plaintiffs and the FLSA Class Members for all hours worked over forty (40) in a workweek as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

95. MBHS's failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of the FLSA.

96. MBHS's failure to comply with the FLSA overtime protections caused the Named Plaintiff and the FLSA Class Members to suffer loss of wages and interest thereon, and they are entitled to recovery of unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and any other compensation pursuant to 29 U.S.C. § 201, *et seq*.

## RELIEF SOUGHT

**WHEREFORE**, the Named Plaintiffs pray for judgment against Defendant as follows:

97. For an Order recognizing this proceeding as a collective action under § 216(b) of the FLSA and ordering notice to the FLSA Class Members at the earliest opportunity to ensure class their claims are not lost to the FLSA statute of limitations;

98. For an Order finding Defendant liable for unpaid back wages due to the Named Plaintiffs and the FLSA Class Members and for liquidated damages equal in amount to the unpaid compensation found due Plaintiffs under the FLSA;

99. For an Order tolling the FLSA statute of limitations due to delay in the issuance of notice to the FLSA Class Members;

100. For an Order awarding the Named Plaintiffs and the FLSA Class Members the costs of this action as provided under the FLSA;

101. For an Order awarding the Named Plaintiffs and the FLSA Class Members their attorneys' fees as provided under the FLSA;

102. For an Order awarding the Named Plaintiffs and the FLSA Class Members pre-judgment and post-judgment interest at the highest rates allowed by law; and

103. For an Order granting such other and further relief as may be necessary and appropriate.

Dated:   December 2, 2022

                    Respectfully Submitted,

                    */s/ Christopher W. Espy*

                    Christopher W. Espy, Esq. (MSB#: 102424)
                    ESPY LAW, PLLC
                    P.O. Box 13722
                    Jackson, Mississippi 39236
                    Tel: (601) 812-5300

Fax: (601) 510-9050
Email: chris@espylaw.com

Karen Kithan Yau (pro hac vice application to be filed)
Matt Dunn (pro hac vice application to be filed)
Elisabeth Schiffbauer (pro hac vice appl. to be filed)
GETMAN, SWEENEY & DUNN, PLLC
260 Fair Street
Kingston, NY 12401
Tel: (845) 255-9370
Fax: (845) 255-8649
Email: kyau@getmansweeney.com
Email: mdunn@getmansweeney.com
Email: eschiffbauer@getmansweeney.com