# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JAQUAY JACKSON and DANA RICE,**
**on behalf of themselves and all others**
**similarly situated**,

      *Plaintiffs*,

v.

**MISSISSIPPI BEHAVIORAL HEALTH**
**SERVICES, LLC,**

      *Defendant*.

CAUSE NO. 3:22-CV-697-CWR-LGI

## ORDER

Before the Court is Jaquay Jackson and Dana Rice's (together "Plaintiffs") motion for confidentiality designation. Docket No. 74. Also before the Court are Plaintiffs' motions to seal.[1] Docket Nos. 76 and 91. Upon review, the motions will be denied.

**I. Background**

In this case, Plaintiffs, who are former Mississippi Behavioral Health Services ("MBHS") employees, have sued MBHS "for allegedly violating the Fair Labor Standards Act by not paying them overtime for hours worked over 40 each week." Docket No. 20 at 1.

The parties entered into a stipulated Protective Order to protect materials that any party believes should be designated as classified or confidential. The Protective Order allows an opposing party to challenge the designation. If the parties cannot resolve the dispute

---

[1] Plaintiffs wish to seal (1) the unredacted memorandum and exhibits attached in support of their motion for confidentiality designation and (2) their reply brief.

informally, then the designating party must "move the Court for an order preserving the designated status of the disputed information." Docket No. 21 at 8.

During discovery, Plaintiffs sent letters to former and current MBHS employees notifying them of the lawsuit. Tiara Goldsberry was one of the recipients who responded and submitted a declaration in support of Plaintiffs' claims. Her declaration contained information "about the hours [she] worked and whether MBHS tracked [her] work hours." Docket No. 75 at 2. Goldsberry has not yet decided whether to join this litigation as a plaintiff.

MBHS then discovered evidence that Goldsberry was fired for committing Medicaid fraud. It noticed Goldsberry's deposition and provided Plaintiffs with her personnel file. The file contained two documents that MBHS designated as confidential.[2] Goldsberry was aware of the confidentiality designation before she testified. And at that deposition, MBHS "questioned her at length about the contents of [the documents], and the circumstances surrounding them." *Id.*

Pursuant to the parties' Protective Order, Plaintiffs now ask the Court to designate certain portions of Goldsberry's testimony—*i.e.*, parts of her deposition transcript—as confidential. MBHS opposes the motion, arguing that Plaintiffs "have not shown good cause for protecting such testimony or hiding [Goldsberry's] actions." Docket No. 97 at 1.

**II.    Discussion**

"Different legal standards govern protective orders and sealing orders. Protective orders require a finding of good cause by the district court and apply to documents produced

---

[2] MBHS claims that it marked Goldsberry's personnel files as confidential "[a]s a matter of courtesy." Docket No. 97 at 7. It now seeks to "withdraw[] its designation of confidentiality of those records." *Id.* But since MBHS has not moved to de-designate the records in dispute, the Court declines to disturb the designation of confidentiality.

2

in discovery." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (quotation marks omitted). Sealing orders, in contrast, are used "at the *adjudicative* stage, when materials enter the court record." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021) (emphasis in original). "[T]he standard for placing filed materials under seal" is "far more arduous" than "the standard for keeping unfiled discovery confidential." *Id.*

Testimony that has "not been entered into evidence or relied on to support a dispositive motion" is "merely discovery material, and the common-law right of access does not apply." *Harrington v. Primerica Life Ins.*, No. 1:19-CV-309-HSO-JCG, 2020 WL 13499907, at *2 (S.D. Miss. Nov. 19, 2020) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).

Plaintiffs claim that good cause exists for their confidentiality designation because the testimony contains information that would "be unduly embarrassing, oppressive, and burdensome to Goldsberry." Docket No. 75 at 13. They also claim that they themselves would "face a substantial risk of harm" because disclosure "is likely to have a chilling effect on class members' participation in this case." *Id.* at 13, 16.[3]

The Court is unpersuaded by either argument. Plaintiffs have not shown how the testimony would be oppressive or burdensome to Goldsberry, neither have they made a prima facie showing that this public disclosure would have a chilling effect. *See Gueye v. Mike Bloomberg 2020 Inc.*, No. 4:20-CV-487-BP, 2021 WL 3910331, at *2 (N.D. Tex. Feb. 26, 2021). That the deposition revealed "embarrassing" information about Goldsberry's employment is

---

[3] The Court notes that reason the parties sought the protective order was to protect "confidential information such as medical records and data, personal identifiers of non-parties, financial records, and confidential business information." Docket No. 20 at 1. Goldsberry's testimony does not fall into any of these categories. But because this is a "blanket" protective order, the Court will consider whether good cause exists for designating portions of the testimony as confidential. *See Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008) (explaining the different types of protective orders).

not, alone, sufficient to demonstrate good cause. *See Doe v. Roman Cath. Church of Archdiocese of New Orleans*, No. 21-215, 2022 WL 16712878, at *3 (E.D. La. Nov. 4, 2022); *Morrow v. City of Tenaha*, No. 2:08-CV-288-TJW, 2010 WL 3927969, at *3 (E.D. Tex. Oct. 5, 2010) (collecting cases).

Plaintiffs also urge the Court to consider the fact that "MBHS was questioning Goldsberry about documents it had itself classified as confidential." Docket No. 75 at 13. This is a kind of "reliance" argument. Reliance, though, is a factor courts consider in determining whether to modify a protective order. *See Ruby Slipper Café, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *4-5 (E.D. La. Jan. 8, 2020). As Plaintiffs have repeatedly stated, they "are not seeking modification of the . . . Protective Order." Docket No. 75 at 13. So a reliance theory holds no weight here.

### III.    Conclusion

The motion to maintain confidentiality designation is denied. The motions to seal are also denied. Within three days, Plaintiffs shall publicly file the documents and corresponding exhibits. The Clerk of Court is directed to unseal MBHS's response located at Docket No. 97.

**SO ORDERED**, this the 18th day of March, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

4